Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1495 | **DATE** | 5/23/2000 |
| **CASE TITLE** | BELLE MCCRAY, individually, and as vs. LARRY HERMEN, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order: For the foregoing reasons, the Court denies defendants' motion to dismiss plaintiffs' third amended complaint [24-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | | Document Number |
| | Notices mailed by judge's staff. | | MAY 24 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 52 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BELLE MCCRAY, Individually, and ) 
as next friend of DARIUS MCCRAY, )
her grandson, a minor, )
)
    Plaintiffs, )
)    Judge Ronald A. Guzman
vs. )
)    99 C 1495
LARRY HERMEN, DAVID RUEHL, )
JEFF LANGE, RALPH RIZZARDO, )
GREG WOYTKO, KEVIN RUEHL, )
CHAD LITTLE, SCOTT CURRAN and )
MIKE CALLAHAN, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Belle and Darius McCray have sued Larry Hermen, David Ruehl, Jeff Lange, Ralph Rizzardo, Greg Woytko, Kevin Ruehl, Chad Little, Scott Curran, and Mike Callahan in their individual capacities as police officers of the Cook County Sheriff's Office for alleged violations of 42 U.S.C. § 1983 and state law. Defendants have moved to dismiss the Third Amended Complaint. For the reasons provided in this Memorandum Opinion and Order, the motion is denied.

# FACTS

On March 20, 1998, between 3:00 and 4:00 p.m., defendants used a battering ram to force their way into plaintiffs' apartment on the second floor of 4007 S. Calumet Ave in Chicago, Illinois. Defendants did not have probable cause to believe a crime had been or was about to be committed and did not believe their were other exigent circumstances to enter the apartment.

Once inside, defendants displayed their weapons. Without cause or justification, they physically forced Belle McCray, a seventy-seven year-old woman, onto the floor at gunpoint. Belle feared death or bodily harm and sustained injuries as a result of defendant officers' acts.

Defendants then entered a bedroom where Darius McCray, a minor and Belle's grandson, was sleeping. One of the officers pulled the sheets off of Darius and pointed a gun to his head, which placed him in fear of death or bodily harm.

Plaintiffs have filed a Third Amended Complaint, which alleges that defendants' entry and search of plaintiffs' home and seizure without a warrant and use of excessive force deprived them of their rights under the Fourth and Fourteenth Amendments of the United States Constitution in violation of section 1983 (Counts I and II) and constituted assault, intentional infliction of emotional distress, and battery (Counts III, IV, and V) under Illinois law. Defendants have moved to dismiss the Third Amended Complaint on three grounds: (1) defendants are entitled to qualified immunity; (2) plaintiffs have an adequate remedy under state tort law for any due process claims; and (3) defendants are entitled to immunity under the Illinois Local Governmental Tort Immunity Act.

## DISCUSSION

On a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), the Court accepts "as true all the plaintiff's well-pleaded factual allegations, as well as all inferences reasonably drawn from them." *Pickrel v. City of Springfield, Ill.*, 45 F.3d 1115, 1117 (7th Cir. 1995). The Court will dismiss no claim unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

First, defendants argue that they should be afforded qualified immunity as to plaintiffs' section 1983 claims. "Under the doctrine of qualified immunity, government officials performing discretionary functions are shielded from liability for civil damages unless their conduct violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Green v. Carlson*, 826 F.2d 647, 649 (7th Cir. 1987) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Whether qualified immunity applies is a question of law. *Id.* "Although the qualified immunity determination is a legal question it is not answered in the abstract but in reference to the particular facts of the case." *Rakovich v. Wade*, 850 F.2d 1180, 1202 (7th Cir. 1988).

Defendants argue they had a proper and valid search warrant[1] for the third floor apartment

---

[1]Defendants have attached to their motion the search warrant entered by Judge Murphy which commanded them to search the third floor south apartment at 4005-4007 S. Calumet, Chicago, Illinois. We may take "judicial notice of matters which are so commonly known within the community as to be indisputable among reasonable men, or which are capable of certain verification through recourse to reliable authority." *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983). Included in these matters are "proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue." *Id.* Because the search warrant was entered in a proceeding before Judge

3

at 4005-4007 S. Calumet and they mistakenly believed that they were on the third floor when they in fact entered and searched the second floor apartment. (*See* Mem. Law Supp. Defs.' Mot. Dismiss, at 3.) Clearly, defendants' argument hinges on the information that they possessed at the time they entered plaintiffs' apartment. Unfortunately for defendants, neither the Third Amended Complaint nor the search warrant (of which the Court has taken judicial notice) provides facts relating to the reasonableness of their belief that they were on the third floor and not the second. While the Court recognizes that "qualified immunity questions should be resolved at the earliest possible stage in litigation," *Anderson v. Creighton*, 483 U.S. 635, 646 (1987), based on the specific facts of this case, the Court cannot find that defendants are entitled to qualified immunity as a matter of law at this stage in the litigation.

Second, defendants opine that any due process claims advanced by the plaintiffs in support of their section 1983 claim must be dismissed because they have adequate state remedies under state law. Defendants' argument in its entirety consists of four sentences of bare conclusions without citation to any legal basis. The Court reminds defendants that "[i]t is not this court's responsibility to research and construct the parties' arguments," *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000), and warns that in the future, arguments must be developed in a meaningful way–complete with their legal and factual groundwork–in order for the Court to address them. In any event, defendants' argument is without merit. Plaintiffs have

---

Murphy in the Circuit Court of Cook County and because the search warrant is directly related to the issue of qualified immunity, the Court takes judicial notice of the search warrant. Further, the Court may take judicial notice of matters of public record without converting the motion to dismiss into a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

alleged violations of the Fourth Amendment guarantee to be free of unreasonable searches and seizures, and such a "violation gives rise to a cognizable § 1983 action regardless of the existence of state tort remedies." *Guenther v. Holmgreen*, 738 F.2d 879, 882 (7th Cir. 1984). Thus, the Court will not dismiss plaintiffs' section 1983 claims on this ground.

Third, defendants argue that they are entitled to immunity from plaintiffs' tort claims pursuant to the Illinois Local Government and Local Governmental Employee's Tort Immunity Act ("Illinois Tort Immunity Act"). The Illinois Tort Immunity Act "entitles local government employees to immunity from tort liability in the 'execution or enforcement of any law' unless their conduct is 'willful and wanton.'" *Carter v. Chicago Police Officers*, 165 F.3d 1071, 1080 (7th Cir. 1998) (quoting 745 ILL. COMP. STAT. 10/2-202 (West 1993)). Willful and wanton conduct is defined as "a course of action which shows an actual or deliberate intention to cause harm, or if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILL. COMP. STAT. 10/1-210 (West 1993). Allegations that police officers used excessive force is sufficient to avoid dismissal under the Illinois Tort Immunity Act. *See, e.g., Carter v. Dixon*, 718 F. Supp. 1389, 1390 (N.D. Ill. 1989).

In Counts III, IV, and V of the Third Amended Complaint, plaintiffs allege that defendants used excessive force when they entered and searched their home and physically forced Belle McCray onto the floor. (Compl. ¶¶ 20, 23.) The reasonable inference to be drawn from this allegation is that, at the very least, defendant officers consciously disregarded the safety of plaintiffs or their property, which is adequate to allege wanton and willful conduct. Therefore, in the event that plaintiffs prevail in establishing their state law claims, the Illinois Tort Immunity Act will not provide defendants the immunity they seek.

5

III-V pursuant to 745 ILL. COMP. STAT. 10/2-102 ("section 2-102"). In sole support of their position, defendants quote the following portion of section 2-102: "a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or third party." 745 ILL. COMP. STAT. 10/2-102. However, plaintiffs argue, and the Court agrees, that they have sued defendants in their *individual* capacities, not their official capacities, and thus they have not sued a "local public entity." Accordingly, the Court denies defendants' motion to dismiss plaintiffs' claim for punitive damages in Counts III-V.

## CONCLUSION

For the foregoing reasons, the Court denies defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint [24-1].

**SO ORDERED**            ENTERED: 5/23/00

_____
**HON. RONALD A. GUZMAN**
**United States Judge**